**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO SUAREZ GUZMAN, | No. 08-73852 |
| Petitioner, | Agency No. A034-286-329 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2102[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Ricardo Suarez Guzman, native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182*,* 1184-85 (9th Cir. 2006). We deny the petition for review.

Guzman does not allege he suffered past persecution, but fears persecution based on a pattern or practice of persecution against individuals with AIDS as well as homosexuals in Mexico. The agency concluded that Guzman failed to establish a well-founded fear of persecution based on the perception that he is homosexual or his HIV/AIDS status. The record does not compel a contrary result. *See Castro-Martinez v. Holder,* No. 08-70343, 2011 WL 6016162, at *8 (9th Cir. Dec. 5, 2011) (applicant failed to establish the existence of a pattern or practice of persecution against homosexuals in Mexico or that he had a well-founded fear of persecution as a man with HIV/AIDS in Mexico). Accordingly, Guzman's asylum claim fails.

Because Guzman failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

Finally, substantial evidence supports the agency's conclusion that Guzman failed to establish that it is more likely than not he would be tortured by a public

08-73852

official or at the instigation or acquiescence of an official.  *See Wakkary v. Holder,* 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

08-73852